MAUK (UNITED STATES v.). See Case No. 15,745.

MAUL (EISEMAN v.). See Case No. 4,322.

---

## Case No. 9,306.

### MAUL v. SCOTT.

[2 Cranch, C. C. 367.] [1]

Circuit Court, District of Columbia. Nov. Term, 1822.

EXECUTION—RETURN NULLA BONA—SALE BY DEBTOR—ALIAS.

The lien upon the personal property of the debtor, arrested by the delivery of a fieri facias to the marshal, is lost by the return of nulla bona; and is not waived by the delivery of an alias fieri facias to the marshal, so as to overreach an intermediate sale by the debtor.

The plaintiff claimed property in a horse, which the defendant, as deputy marshal, had taken as the property of one E. P. Taylor, upon a fieri facias at the suit of A. B. The horse had been sold by Taylor to the plaintiff, Maul, on the 10th of January, the horse then being in the possession of one Edward Stone, as bailee of Taylor, who on that day gave a written order to Stone to deliver the horse to Maul. On the 29th of January, a fieri facias against Taylor was issued in favor of A. B., returnable on the 4th Monday of March, and delivered to the marshal on the 19th of February, and returned nulla bona. On the 27th of April, an alias fieri facias was issued and delivered to the marshal, upon which the marshal took the horse as the property of Taylor.

Mr. Hewitt, for defendant, contended that the lien, if any, which took place on the 19th of February, continued (notwithstanding the return of that fieri facias nulla bona), up to the time of the delivery of the alias fieri facias to the marshal, on the 27th of April.

THE COURT, however (THRUSTON, Circuit Judge, contra), said that the lien was lost by the return of the fieri facias, nulla bona, and was not revived by the delivery of the alias fieri facias to the marshal. Verdict for the plaintiff. Motion for new trial on the ground of misdirection of the jury on that point, overruled.